IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT BURDA, et al., | : | Case No.: 2:08 CV 246 |
| | | Judge Smith |
| Plaintiffs, | : | Magistrate Judge Abel |
| v. | : | |
| WENDY'S INTERNATIONAL, INC., et al., | : | |
| Defendants. | | |

## DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT

Defendants[1] hereby move the Court to dismiss Plaintiffs'[2] Amended Complaint (Doc. 22) because (i) Plaintiffs have, without explanation or cause, failed to follow the Court's Order directing appearance of counsel for Plaintiffs by June 3, 2010 and (ii) have failed to prosecute the instant action as directed by the Court.

A memorandum in support of this motion is attached hereto and made a part hereof.

Respectfully submitted,

/s/ Michael G. Long by /s/ William A. Sieck
Michael G. Long, Trial Attorney (0011079)
William A. Sieck, Of Counsel (0071813)
Kenneth J. Rubin, Of Counsel (0077819)
VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street, P.O. Box 1008
Columbus, Ohio 43216-1008
Telephone: (614) 464-6297
Facsimile: (614) 719-4829
E-mail: mglong@vorys.com
wasieck@vorys.com & kjrubin@vorys.com

*Counsel for Defendants Wendy's International, Inc.,
Wendy's Old Fashioned Hamburgers of New York, Inc. and
The New Bakery Company of Ohio, Inc.*

---

[1] "Defendants" are Wendy's International, Inc., Wendy's Old Fashioned Hamburgers of New York, Inc. and The New Bakery Co. of Ohio, Inc.

[2] "Plaintiffs" are XCL Enterprises, LLC, Burda Enterprises, LLC, Sondocatt Investments, LLC and Robert Burda.

## MEMORANDUM IN SUPPORT

When Plaintiffs' experienced counsel was granted leave to withdraw due to an "irresolvable disagreement" with Plaintiffs, Plaintiffs were ordered to "retain new counsel who shall enter an appearance" by June 3, 2010. Withdrawing counsel agreed to serve Plaintiffs with a copy of the order, which the Clerk was also directed to send to Plaintiff Burda's home address. Plaintiffs failed to follow the Court's order, without explanation or cause. No new counsel has appeared for Plaintiffs and Plaintiffs cannot participate in the setting of a case schedule, in discovery, or in prosecution of the case. Therefore, Plaintiffs' Amended Complaint should be dismissed.

### I. RELEVANT BACKGROUND

Between August 2009 and May 2010, Plaintiffs, by and through their counsel at Murray and Murray Co., L.P.A., and Defendants, by and through their undersigned counsel, negotiated an agreed two-part approach for Defendants to provide Plaintiffs with electronic discovery. First, Defendant would produce from a Summation Database non-privileged documents responsive to search terms provided by Murray and Murray. Second, the parties would negotiate reasonable date, subject matter or other limitations on electronic searches to be run against approximately 70 GB (compressed) of e-mail data. On May 20, 2010, the parties were to participate in a status conference with the Court to set a case schedule.

However, that morning, Murray and Murray moved for leave to withdraw as counsel for Plaintiffs, citing an "irresolvable disagreement...." Motion to Withdraw as Counsel at 1 (Doc. 43)[3]. The motion was granted during the status conference. Murray and Murray suggested that Plaintiff Burda, himself a lawyer, would be entering an appearance as counsel for all

---

[3] The Motion to Withdraw was also joined by, and granted as to, Murray Murphy Moul + Basil LLP, as co-counsel to Plaintiffs.

-2-

Plaintiffs. On request by the Court, Murray and Murray agreed to serve Plaintiffs with a copy of the written order resulting from the motion and the status conference.

A written order was entered later the same day. May 20, 2010 Order (the "Order") (Doc. 44). In the Order, the Court granted the Motion to Withdraw and ordered Plaintiffs "to retain new counsel who shall enter an appearance within two weeks of the date of entry of this Order." Order at 1. All counsel were then ordered to call the Court "on or before June 18, 2010 to establish a time for a scheduling conference." *Id.*

The Clerk was directed to send a copy of the Order to Mr. Burda at the address designated by Murray and Murray in the Motion to Withdraw, which is the same address listed for each Plaintiff in the caption of the Amended Complaint (Doc. 22).

As of the filing of this motion, no counsel has appeared for Plaintiffs, nor have Plaintiffs or has any counsel for Plaintiffs communicated with Defendants' counsel.

## II. PLAINTIFFS' AMENDED COMPLAINT SHOULD BE DISMISSED.

Plaintiffs cannot proceed in this case on their Amended Complaint which should, therefore, be dismissed. Plaintiffs are in default of the Order, without explanation or cause. Plaintiffs cannot prosecute the Amended Complaint – they cannot proceed with discovery, cannot participate in case scheduling, and cannot conduct the case. Therefore, the First Amended Complaint should be dismissed. *See, e.g.*, Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.").

Indeed, as a matter of law, Plaintiffs Sondocatt Investments, Burda Enterprises and XCL Enterprises cannot proceed without legal counsel admitted to practice law in the Ohio courts. *See Union Savings Assn. v. Home Owners Aid, Inc.*, 23 Ohio St. 2d 60 (1970). "It has been the law for the better part of two centuries ... that a corporation may appear in the federal courts only

through licensed counsel. *Osborn v. Bank of the United States*, [22 U.S. 738] 9 Wheat 738, 829 (1824)." *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194 (1993). 28 U.S.C. §1654 is not to the contrary. *Id.*; *United States v. 9.19 Acres of Land*, 416 F. 2d 1244, 1245 (6th Cir. 1969) (per curiam). *See also Office of Disciplinary Counsel v. Shrode*, 95 Ohio State 3d 137, 139 (2002); *Union Savings Association v. Home Owners Aid, Inc.*, 23 Ohio St. 2d 60 (1970).

### III. CONCLUSION

For Plaintiffs' failure to comply with the Order and failure to prosecute the action, and for the reasons already stated, Plaintiffs' Amended Complaint should be dismissed.

Respectfully submitted,

/s/ Michael G. Long by /s/ William A. Sieck
Michael G. Long, Trial Attorney (0011079)
William A. Sieck, Of Counsel (0071813)
Kenneth J. Rubin, Of Counsel (0077819)
VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street, P.O. Box 1008
Columbus, Ohio 43216-1008
Telephone: (614) 464-6297
Facsimile: (614) 719-4829
E-mail: mglong@vorys.com
wasieck@vorys.com & kjrubin@vorys.com

*Counsel for Defendants Wendy's International, Inc., Wendy's Old Fashioned Hamburgers of New York, Inc. and The New Bakery Company of Ohio, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that, on June 16, 2010, I caused a true copy of the foregoing *Defendants' Motion to Dismiss Plaintiffs' Amended Complaint* to be electronically filed with the Clerk of the Court using the CM/ECF system and to be served via first class U.S. Mail, postage prepaid, on:

Robert T. Burda
Sondocatt Investments, LLC
Burda Enterprises, LLC
XCL Enterprises, LLC
6114 Quinn Abbey Court West
Dublin, Ohio 43017

/s/ William A. Sieck
William A. Sieck (0071813)
Kenneth J. Rubin (0077819)
VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street, P.O. Box 1008
Columbus, Ohio 43216-1008
Telephone: (614) 464-6400
Facsimile: (614) 719-6350
E-mail: wasieck@vorys.com
       krjurbin@vorys.com